IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| LESTER JACKSON and<br>NANCY JACKSON, | )<br>)<br>) | |
| Plaintiffs, | )<br>)<br>) | |
| v. | )<br>) | No. 3:05-CV-231 |
| TENNESSEE DEPARTMENT OF<br>SAFETY, an agency of the State of<br>Tennessee, *et al.*, | )<br>)<br>)<br>) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This civil action is before the court for consideration of the "Motion to Dismiss Plaintiffs' Conspiracy Claim Filed Under 42 U.S.C. § 1985" [doc. 26]. Plaintiffs have filed a response [doc. 29], and defendants have submitted a reply [doc. 30]. For the reasons stated herein, the motion will be denied.

I.

*Factual Background*

The facts that follow are taken from the complaint. Plaintiff, Lester Jackson, was employed by the Tennessee Department of Safety serving in the Tennessee Highway Patrol ("THP"). At all material times, defendant, Colonel Lynn Pitts ("Col. Pitts"), was the chief policy maker for the THP; defendant, Lieutenant Colonel Larry Rucker ("Lt. Col.

Rucker"), was Captain of Operations over the Internal Affairs Division of the THP; and defendant Captain Charles Laxton ("Capt. Laxton") was also employed by the THP.[1]

Plaintiffs are members of the Republican Party and supported the Republican candidate for Governor of the State of Tennessee in the 2002 election. After Phil Bredesen, the Democratic candidate for Governor, was elected and took office in January 2003, Col. Pitts, Lt. Col. Rucker, and Capt. Laxton began harassing and retaliating against certain Troopers who had not supported Phil Bredesen. Charles Farmer was one of those Troopers.[2] The goal was to eliminate Mr. Farmer from a leadership position with the Department of Safety and/or the THP by conducting an unwarranted and unnecessary investigation of him. Plaintiff Lester Jackson was identified as a witness for Mr. Farmer in his case before the Civil Service Commission and he signed an affidavit in defense of Charles Farmer.

When Col. Pitts, Lt. Col. Rucker, and Capt. Laxton learned that Lester Jackson was aiding Mr. Farmer defending the false accusations made against him, they ordered Mr. Jackson to appear in Nashville, Tennessee for a "meeting" to be held May 5, 2004, by the Internal Affairs Division of the THP. The purpose of the meeting was to accuse Mr. Jackson of illegal activities and threaten his job.

---

[1] The complaint also names several John Doe defendants that have not been identified.

[2] Charles Farmer has a case pending in this court in which he has named Pitts, Rucker, and Laxton as defendants.

2

Col. Pitts, Lt. Col. Rucker, and Capt. Laxton continued to harass Lester Jackson regarding his job and threatened to take away his retirement and position with the Department of Safety. Lester Jackson was again summoned to the Internal Affairs Division in Nashville and subjected to additional harassment and intimidation. One of the defendants sent an anonymous letter to Lester Jackson warning him to "back off trying to help" Charles Farmer. Lester Jackson was also forced to undergo a "voice stress analyzer test." The results were analyzed by an outside agency, and Mr. Jackson passed the test. Lester Jackson was granted an early retirement in September 2004, which resulted in his losing certain employment and departmental benefits, including insurance and longevity pay.

II.

*Standard of Review*

Defendants' motion is filed pursuant to Federal Rule of Civil Procedure 12(b)(6). "Motions to dismiss under Rule 12(b)(6) are designed to test 'whether a cognizable claim has been pleaded in the complaint.'" *Fed. Express Corp. v. U. S. Postal Serv.*, 40 F. Supp. 2d 943, 947 (W.D.Tenn. 1999) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). "To survive a motion to dismiss under Rule 12(b)(6), 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001) (quoting *Scheid*, 859 F.2d at 436).

When reviewing a motion for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff and accept the factual allegations in the complaint as true. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998) (citing *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990)). The court does not have to accept as true legal conclusions or unwarranted factual inferences, *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987), and may dismiss a complaint pursuant to Rule 12(b)(6) "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984).

III.

*Analysis*

Plaintiffs have brought this civil action pursuant to 42 U.S.C. § 1983 and § 1985 for alleged violation of their constitutional rights. In the motion to dismiss that is before the court, defendants argue that plaintiffs have not stated a claim for conspiracy pursuant to 42 U.S.C. §1985. The basis of their motion is the intra-corporate conspiracy doctrine, which they contend defeats the § 1985 conspiracy claim when it is applied to the facts of this case. Plaintiffs have responded by arguing that the scope of employment exception to the intra-corporate conspiracy doctrine applies, and therefore the § 1985 claim can stand.

To sustain a cause of action under § 1985(3)[3], a plaintiff must prove:

> (1) a conspiracy involving two or more persons (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States.

*Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994) (citing *Hilliard v. Ferguson*, 30 F.3d 649, 652-53 (5th Cir. 1994)). A "plaintiff must also establish that the conspiracy was motivated by a class-based animus." *Id.*[4]

The intra-corporate conspiracy doctrine provides:

> It is basic in the law of conspiracy that you must have two persons or entities to have a conspiracy. A corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation.

*Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.*, 926 F.2d 505, 509 (6th Cir. 1991) (quoting *Nelson Radio & Supply Co., Inc. v. Motorola, Inc.*, 200 F.2d 911, 914 (5th Cir. 1952)); *see also Johnson*, 40 F.3d at 839-40. The doctrine also applies to governmental entities. *Edmonds v. Dillin*, 485 F. Supp. 722, 729 (N.D. Ohio 1980); *Ashiegbu v. Purviance*, 76 F. Supp. 2d 824, 830 (S.D. Ohio 1998) (citing *Brace v. Ohio State Univ.*, 866 F. Supp. 1069, 1075 (S.D. Ohio 1994)).

---

[3] There is no allegation or indication that any other provision of section 1985 applies in this case.

[4] The Sixth Circuit has determined that section 1985(3) reaches "clearly defined classes, such as supporters of a political candidate." *Cameron v. Brock*, 473 F.2d 608, 610 (6th Cir. 1973).

The Sixth Circuit has recognized the "scope of employment" exception to the intra-corporate conspiracy doctrine. That exception "recognizes a distinction between collaborative acts done in pursuit of an employer's business and private acts done by persons who happen to work at the same place." *Johnson*, 40 F.3d at 840. The Court in *Johnson* held "that when employees act outside the course of their employment, they and the corporation may form a conspiracy under 42 U.S.C. § 1985(3)." *Id*. at 841.

Plaintiffs allege in the complaint that the actions of the conspiracy "were at all times arbitrary and capricious and not rationally related to any legitimate governmental interest and were governed by political considerations." Plaintiffs also allege that one of the defendants prepared the anonymous letter attached to the complaint. The letter "strongly suggested" that Lester Jackson "back off trying to help Farmer." The letter also stated that Lester Jackson's "lieutenant's bar may very well be laying (sic) in a desk drawer somewhere next to the one Farmer used to wear." These facts arguably indicate conduct not within the scope of employment of Col. Pitts, Lt. Col. Rucker, and Capt. Laxton. For purposes of the pending motion, all of plaintiffs' factual allegations are deemed true and the complaint is considered in the light most favorable to the plaintiffs. At this stage of the pleadings, the conspiracy allegations in the complaint withstand the intra-corporate conspiracy doctrine and defendants' motion to dismiss. The motion will be denied.

An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge

7