IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| LESTER JACKSON and<br>NANCY JACKSON,<br><br>      Plaintiffs,<br><br>v.<br><br>TENNESSEE DEPARTMENT OF<br>SAFETY, an agency of the State of<br>Tennessee, *et al.*,<br><br>      Defendants. | No. 3:05-CV-231 |

## MEMORANDUM OPINION

This civil action is before the court for consideration of the motion in which defendants seek dismissal of plaintiff Nancy Jackson's loss of consortium claim [doc. 15].[1] Plaintiffs have filed a response [doc. 23].

Defendants' motion and plaintiffs' response only address Nancy Jackson's loss of consortium claim. The complaint alleges that there has been a "loss of consortium of each Plaintiff to the other Plaintiff"; that plaintiffs are entitled to "damages for loss of consortium by Plaintiff Nancy Jackson and for loss of consortium by Plaintiff Lester Jackson."; and that "Plaintiff Lester Jackson has suffered and [will] continue to suffer a loss of consortium and companionship of Plaintiff Nancy Jackson." However, Lester Jackson's

---

[1] An agreed order was entered that addressed the other issues raised in the motion [doc. 28].

loss of consortium claim is not presently before the court as it was not raised in defendants' motion to dismiss.

I.

The portion of defendants' motion that addresses Nancy Jackson's loss of consortium claim does not specifically refer to Federal Rule of Civil Procedure 12(b)(6); however, it does state that she "cannot state a claim for loss of consortium pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985." Therefore, the court will consider the motion as one brought under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

"Motions to dismiss under Rule 12(b)(6) are designed to test 'whether a cognizable claim has been pleaded in the complaint.'" *Fed. Express Corp. v. U.S. Postal Serv.*, 40 F. Supp. 2d 943, 947 (W.D.Tenn. 1999) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). "To survive a motion to dismiss under Rule 12(b)(6), 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001) (quoting *Scheid*, 859 F.2d at 436).

When reviewing a motion for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff and accept the factual allegations in the complaint as true. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998) (citing *Meador v. Cabinet for Human*

2

*Res.*, 902 F.2d 474, 475 (6th Cir. 1990)). The court does not have to accept as true legal conclusions or unwarranted factual inferences, *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987), and may dismiss a complaint pursuant to Rule 12(b)(6) "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984).

II.

In its recent memorandum opinion addressing the motion to dismiss the conspiracy claim under 42 U.S.C. § 1985, the court set out facts from the complaint that relate to the conduct of the defendants toward Lester Jackson [doc. 31]. Because the pending motion is also brought pursuant to Rule 12(b)(6), those facts are considered true and are incorporated here as if set out verbatim. In the complaint, Nancy Jackson alleges a loss of consortium as a result of the injuries inflicted upon her husband.

III.

Defendants argue that a §1983 claim cannot sustain a loss of consortium claim because only the person who has experienced the deprivation of his or her civil rights can maintain a § 1983 claim. In other words, § 1983 creates a federal remedy only for the party

3

injured, not for those incidentally affected by the state action.[2]

Plaintiffs argue that Nancy Jackson suffered direct injuries as a result of defendants' conduct and that § 1983 does support a loss of consortium claim since the passage of 28 U.S.C. § 1367 that provides for supplemental jurisdiction.

The court believes that Nancy Jackson cannot state a claim for loss of consortium for the alleged violation of her husband's civil rights. Loss of consortium is a derivative claim. *Hunley v. Silver Furniture Mfg. Co.*, 38 S.W.3d 555, 557 (Tenn. 2001). Thus, Nancy Jackson's consortium claim originates from Lester Jackson's claim for violation of his civil rights. *Id.* "One person may not sue for the deprivation of another person's civil rights." *Pierce v. Stinson*, 493 F. Supp. 609, 611 (E.D. Tenn. 1979) (citing *Hall v. Wooten*, 506 F.2d 564, 566 (6th Cir. 1974)).

In *Cramblit v. Fikse*, No. 91-4002, 1992 WL 307962 (6th Cir. Oct. 23, 1992), the Sixth Circuit did not have to reach the issue of whether the plaintiff's mother could maintain a derivative action for alleged violation of her son's constitutional rights. However, the Court observed: "We note in passing, however, that an action under 42 U.S.C. § 1983 inures only to the benefit of one whose own personal constitutional rights were violated." *Id.* at *6 (citing *Coon v. Ledbetter*, 780 F.2d 1158 (5th Cir. 1986) (bystander cannot recover for witnessing violation of the civil rights of another); *Hall v. Wooten*, 506 F.2d 564 (6th Cir. 1974) (one cannot sue for the deprivation of the civil rights of another); *Jenkins v. Carruth*,

---

[2] The complaint also raises a section 1985 claim for conspiracy to violate civil rights. The court will employ the same analysis for both statutory provisions.

4

583 F. Supp. 613 (E.D. Tenn. 1982), *aff'd*, 734 F.2d 14 (6th Cir. 1984) (husband cannot sue for the alleged deprivation of his wife's civil rights); *Pierce v. Stinson,* 493 F. Supp. 609 (E.D.Tenn. 1979) (parents cannot maintain an action under 42 U.S.C. § 1983 for the alleged deprivation of their children's civil rights)).

>In *Jenkins v. Carruth*, this court stated:
>
>The plaintiffs have not cited, nor has the Court found, any authority permitting a husband to recover damages under 42 U.S.C. § 1983 for the deprivation by a third party of the civil rights of his wife. The law seems clear that one person may not sue, nor recover damages, for the deprivation of another person's civil rights.

583 F. Supp. at 616. This court recently relied on *Jenkins* and held that a spouse "cannot state a claim for loss of consortium due to any alleged violation of [her husband's] civil rights under Section 1983." *Cross v. City of Chattanooga*, No. 1:04CV108, 2005 WL 2456977, at *11 (E.D. Tenn. Oct. 3, 2005). Therefore, Nancy Jackson's loss of consortium claim will be dismissed.

Plaintiffs also argue, however, that Nancy Jackson has suffered direct injuries as a result of defendants' conduct. Whether Nancy Jackson has stated and/or can maintain a claim for direct injuries based on the violation of her constitutional rights is reserved for another day, as only her loss of consortium claim is raised in defendants' motion.

The Tennessee Court of Appeals has defined consortium as "the conjugal fellowship of husband and wife, and the right of each to the company, cooperation, affection and aid of the other in every conjugal relation . . . loss of services is a part of the loss of

5

consortium . . . . " *McPeek v. Lockhart*, 174 S.W.3d 751, 755 (Tenn. Ct. App. 2005) (quotation omitted) (citing *Jackson v. Miller*, 776 S.W.2d 115, 116-17 (Tenn. Ct. App. 1989)); *see also Moore v. City of Chattanooga*, No. E2004-02869-COA-R3-CV, 2005 WL 3081126, at *6 (Tenn. Ct. App. Nov. 18, 2005).

> Loss of consortium consists of several elements, encompassing not only tangible services provided by a family member, but also intangible benefits each family member receives from the continued existence of other family members. Such benefits include attention, guidance, care, protection, training, companionship, cooperation, affection, love, and in the case of a spouse, sexual relations.

*Jordan v. Baptist Three Rivers Hosp.*, 984 S.W.2d 593, 602 (Tenn. 1999); *see also Hunter v. Ura*, 163 S.W.3d 686, 705 (Tenn. 2005). To the extent Nancy Jackson has raised a claim that contains the elements of consortium and falls within its definition, that claim will be dismissed. Any claims she has raised that are not encompassed by the loss of consortium are not before the court and remain for review at a later time.

An order reflecting this opinion will be entered.

ENTER:

        s/ Leon Jordan
United States District Judge

6

Case 3:05-cv-00231   Document 33   Filed 02/01/06   Page 6 of 7   PageID #: 13